CHIEF JUSTICE WILLIAMS
delivered the opinion op the court:
The sixteenth clause of testatrix’s will is as follows
“ In regard to the real estate placed in the hands of my executor and trustees for the benefit of my emancipated *434 negroes, I direct that none of said negroes shall have a right to sell their interest in the same ; and upon any one attempting such sale, or upon any one or more moving off, the whole property shall remain for the use of the others; nor shall said property be sold by said trustees unless it should become unlawful for colored free persons to remain in the State, when said trustees shall be authorized to sell the property and apply the proceeds towards establishing them in a new home elsewhere.”
This land was evidently designed by the testatrix to be a home and community property for all the beneficiaries so long as they could lawfully remain thereon, without any power of sale in them, with a forfeiture of their rights as a penalty for any attempted frustration of such design by an offer to sell. The only persons authorized to sell were her executors or the survivor, and that on the sole contingency that the law of the State should no longer permit the beneficiaries to enjoy the bounty by residing thereon.
So far from there being now any legal frustration of the testatrix’s will and devise, the beneficiaries are better protected in their enjoyment, both by Federal and State law, than at the time of her decease. It would, therefore, be singularly inconsistent to make this doubly legal assurance of her desires a cause to frustrate her purposes.
The circuit judge was then eminently right in dismissing the petition seeking a sale and partition of said property. None need take or enjoy this bounty longer than it subserves their purpose and interest in the manner designated by the testatrix; but the court should not violate her express directions.
Wherefore, the judgment is affirmed.